NIAGARA, The.　See Case No. 4.339.

NIAGARA, The (ALLEGRO v.).　See Case No. 207a.

======

## Case No. 10,222.

### The NIAGARA v. VAN PELT.

[See Case No. 10,220.]

------

## Case No. 10,223.

### NICHOLAS v. MURRAY et al.

[5 Sawy. 320;[1] 18 N. B. R. 469.]

Circuit Court, D. Oregon.　Nov. 25, 1878.

DEMURRER FOR WANT OF EQUITY — NE UNQUES ASSIGNEE—FRAUDULENT CONVEYANCES—LIMITATION — ANNULLING A DISCHARGE — LIMITATION —ESTATE OF BANKRUPT.

1. A demurrer for want of equity will not lie to a bill that is not deficient in substance, although for some technical reason—as the lapse of time or want of jurisdiction in the court—the relief sought for cannot be attained in that suit.

2. A demurrer that a bill does not state facts sufficient to constitute a cause of suit is unknown to chancery practice. and at most is nothing more than the general demurrer for want of equity.

3. An objection to a bill, in which the complainant describes himself as an assignee, that he is not legally such assignee must be made by plea and not demurrer.

4. A suit by an assignee to set aside a fraudulent conveyance. made by the bankrupt after his discharge, of property concealed prior thereto, is not a suit to annul such bankrupt's discharge, and may therefore be brought in the circuit court.

5. Such suit may be brought at any time within two years from the discovery of the fraud by the assignee or those whom he represents.

[Cited in Re Brown. Case No. 1,983; West Portland Homestead Ass'n v. Lownsdale, 17 Fed. 207.]

6. The district court which granted a discharge alone has jurisdiction of a proceeding to annul it; and semble, that such proceeding must be brought by the creditor and may be brought at any time within two years from the discovery of the fraud for which it is sought to be set aside.

7. The statute of limitations of the state where the bankrupt resides, applies to the proof of debts against his estate; and such statute continues to run against such debts after the adjudication in bankruptcy, and therefore no claim can be proven or enforced against such estate, unless an action could be maintained thereon in the court of such state.

[Disapproved in Re McKinney, 15 Fed. 912.]

8. The estate of a bankrupt. after satisfying the valid claims against it, belongs to the bankrupt. and therefore a conveyance by him alleged to be fraudulent as against creditors, will not be set aside on a suit by the assignee, where it appears that there are no debts provable against the estate.

[9. Cited in U. S. v. Griswold, 8 Fed. 501, 562, to the point that a discharge, even though fraudulently obtained. is binding until set aside or annulled in a suit brought for that purpose, in the court where it was granted. by an existing or injured creditor or the official assignee.]

------

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

This suit was brought on May 21, 1878 [by H. B. Nicholas, assignee in bankruptcy, against James W. Murray and others], to have a discharge in bankruptcy heretofore granted to the defendant Murray declared fraudulent and void; and to have certain conveyances of lots 1, 2, 7 and 8, in block 65 in Caruthers's addition to Portland, set aside as being made to defraud the creditors of said bankrupt.

John B. Waldo, for complainant.

Joseph N. Dolph, for defendants.

DEADY, District Judge.　The material facts stated in the bill are that on June 6, 1868, the defendant Murray was duly adjudged a bankrupt in the district court of this district, upon his own petition filed therein on May 30, 1868; that an assignee of his estate was appointed and acted as such until his discharge on April 17, 1872, and that on February 20, 1869, said Murray fraudulently procured his discharge in bankruptcy; that it appeared from the schedules of said bankrupt that his assets amounted in value to only two hundred and fifty-eight dollars, all of which was set apart to him as exempt, and that his creditors were four in number—three of whom resided in San Francisco and one in Missouri; that these debts aggregated five thousand five hundred and twenty-seven dollars and forty-eight cents, and arose upon simple contract, four thousand dollars of which was contracted in Missouri and became due not later than January, 1864, the remainder—one thousand five hundred and twenty-seven dollars and forty cents—being contracted in California. and coming due not later than August, 1866; that the California creditors relying upon the statement in said schedule, from which it appeared there were no assets applicable to the payment of claims against the estate. failed to prove their debts; that the debt stated to be due the Missouri creditor was not proven and is false and fictitious; that at and before the filing of the petition aforesaid the bankrupt was the owner of the premises aforesaid, and during the year 1857 erected a dwelling thereon, but fraudulently omitted the same from his schedule; that the legal title thereto was in a third person, who held the same in trust for the bankrupt, and with intent to defraud the creditors of the latter; that on July 13, 1869, said third person conveyed the premises to the bankrupt, who continued to hold the property in his own name until February 4, 1878, when he conveyed the same to his co-defendant, without any or upon a grossly inadequate consideration, with intent to defraud his creditors, and that said defendant now holds the same in trust for the bankrupt and with intent to defraud the creditors of the latter; and that none of said California creditors, nor said assignees, ever knew or became aware of the alleged fraud concerning said property until December, 1877.　The defend-